IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM ANN CHENEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CAROLYN W. COLVIN, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 15-1257 |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (Docket No. 7) and denying Defendant's Motion for Summary Judgment. (Docket No. 11).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her applications for benefits alleging she had been disabled since June 1, 2005. (Docket No. 5-5, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a hearing on May 13, 2014. (Docket No. 5-2, pp. 20-53). On July 25, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 5-2, pp. 10-19). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

**B.** **Alleged Onset Date**

Plaintiff argues that the ALJ failed to use the correct onset date. (ECF No. 10, pp. 11-12). Plaintiff suggests that the onset date was June 26, 2012, when the Plaintiff stopped working. She claims that the ALJ's opinion is not clear and the case should be remanded for clarification. *Id.* After a review of the record, I disagree that remand for clarification is necessary.

Plaintiff alleges in her application that her onset date is June 1, 2005. (ECF No. 5-5, p. 2). According to his decision, the ALJ considered whether Plaintiff was under a disability from June 1, 2005 through the date of the decision, July 25, 2014. (ECF No. 5-2, pp. 10-19). While it is true that the ALJ found that Plaintiff had engaged in substantial gainful activity from September 2005 through June of 2012, he also found that Plaintiff did not engage in substantial gainful activity thereafter. (ECF No. 5-2, p. 12). Additionally, the ALJ asked the vocational expert to assume a hypothetical of an individual of Plaintiff's age. (ECF No. 5-2, pp. 50). Thus, I find that no further clarification is needed and remand is not warranted on this basis.

3

## C. Plaintiff's Residual Functional Capacity [1] ("RFC") Regarding Lifting, Carrying and Reaching

Within Plaintiff's next argument, Plaintiff basically raises the issue that the ALJ erred in weighing the medical opinion evidence when assessing her RFC. (ECF No. 10, p. 12). To that end, Plaintiff basically contends that the opinion of the state agency doctor, Dr. Reardon, appears to rely on the opinion of the consulting examiner, Dr. Kalik. *Id.* Yet, Plaintiff continues, the opinion of Dr. Kalik (and her treating physicians) is more restrictive than that of Dr. Reardon. *Id.* Additionally, Plaintiff argues that Dr. Reardon's opinion makes a factually incorrect statement. *Id.* Thus, Plaintiff essentially argues that the ALJ failed to provide the proper analysis for apparently rejecting those opinions. *Id.* As such, Plaintiff claims that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

4

whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

To that end, an ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In this case, the ALJ failed to meet this standard. The ALJ set forth the contents of the medical report of Dr. Kalik, the consultative examiner, when describing the medical record. (ECF No. 5-2, pp. 16-17). Dr. Kalik, however, also provided a medical opinion. (ECF No. 5-11, pp. 48-49). Yet, the ALJ failed to evaluate the opinion evidence of Dr. Kalik. (ECF No. 5-2, p. 17). The consultative doctor's opinion, as part of the record, should have been discussed. 20 C.F.R.

5

§§ 404.1527; 416.927. The ALJ can accept or reject this opinion evidence, but he must give specific reason for doing so. Since the ALJ failed to provide any analysis as to why he ostensibly rejected the opinion evidence of Dr. Kalik, I am unable to tell if the ALJ considered and rejected the opinion or if he failed to consider the same. The ALJ's failure to discuss the opinion of Dr. Kalik prohibits me from conducting a proper and meaningful review. Therefore, I find remand is warranted for further consideration on this issue. On remand, the ALJ must provide a more thorough and well-reasoned discussion of the evidence.

Remand is especially appropriate in this case, since the ALJ gave great weight to the opinion of Dr. Reardon which contains an incorrect statement. In his findings, Dr. Reardon opines that Plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. *Id.* at pp. 7-8. Under the section of "reconciling of source opinion," Dr. Reardon stated that there are no opinions about Plaintiff's limitations or restrictions which are more restrictive than his findings. (ECF No. 5-3, p. 9). This is an incorrect statement. There is no doubt that Dr. Kalik's opinion is more restrictive than Dr. Reardon's opinion. (ECF No. 5-11, p. 48). Specifically, Dr. Kalik opined that Plaintiff could only occasionally lift and/or carry 10 pounds and frequently lift and/or carry 2-3 pounds. (ECF No. 5-11, p. 48). The ALJ does not recognize this inconsistency, point this out in any way or attempt to reconcile this in his opinion. (ECF No. 5-2, pp. 19). Had the ALJ weighed the opinion of Dr. Kalik to begin with, perhaps he would have recognized the inconsistency. Consequently, remand is warranted.[2]

An appropriate order shall follow.

---

[2] Plaintiff also submits that the ALJ erred in various other ways as well. (ECF No. 10, pp. 12-17 – assessment of the treating doctors' opinions, vocational expert testimony, assessment of complaints of pain and consideration of obesity). Since I am remanding as set forth above, the entirety of the case must be reevaluated *de novo.* Thus, the ALJ's opinion regarding those issues cannot stand and must be reevaluated on remand, as well. Therefore, I need not consider them at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIM ANN CHENEY,                )
                               )
        Plaintiff,             )
                               )
    -vs-                       )        Civil Action No.  15-1257
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
        Defendant.             )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 30th day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge